THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**ABRAHAM L. SADIQQ,**

    **Plaintiff,**

    v.

**LIBERTY MUTUAL INSURANCE CO.,**

    **Defendant.**

**Civil No. 20-1445 (ADC)**

## **OPINION AND ORDER**

**I.    Introduction**

Pending before the Court is defendant Liberty Mutual Insurance Company's ("Liberty Mutual") motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). **ECF No. 26**. Liberty Mutual argues that any claim plaintiff Abraham L. Sadiqq ("plaintiff") may have against it as the insurer of the now dismissed co-defendant ESJ Towers, Inc. ("ESJ") was time-barred at the time it sought to include it as a named party. Specifically, that plaintiff had to bring his claim against it within one year of having learned of its identity, and that it did not do so.

Plaintiff agrees with the legal principle that it had one year from learning of Liberty Mutual's name to include it in the complaint, but disagrees with its application. Plaintiff argues, among other things, that the amendment to include Liberty Mutual relates back to the filing of the original complaint, that ESJ's filing for bankruptcy tolled the statute of limitation against Liberty Mutual, and that any lack of diligence on his part is excused by equitable considerations.

After reviewing the applicable law on statute of limitations and relations back of amendments, for the reasons set forth below, the Court **GRANTS** the motion to dismiss.

## II. Procedural and Factual Background

On August 26, 2020, plaintiff filed a complaint alleging damages suffered while staying at the "Máre St. Clair Hotel" in Isla Verde, Puerto Rico, on August 28, 2019—a little less than a year before filing. **ECF No. 1**. Plaintiff initially brough suit against St. Clair, Inc., St. Clair Collection (China) LLC, and Pitts St. Clair, LLC (together, "St. Clair defendants"), as the owners or administrators of the hotel. *Id.*, at ¶¶ 3-5. In this initial complaint, plaintiff included the St. Clair defendants' insurance companies as unknown codefendants. *Id.*, at ¶ 6.[1]

On January 5, 2021, ESJ appeared in the case and moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. **ECF No. 7**. Among other arguments, ESJ claimed that the summonses were "directed to an incorrect name" (*i.e.*, the St. Clair defendants) and that "the correct name of the appearing party is ESJ Towers, Inc." *Id.*, at

---

[1] Paragraph 6 of the original complaint reads:

> Co-Defendants, INSURANCE COMPANY A and INSURANCE COMPANY B, by information and belief, are business entities organized under the laws of and with principal place of business in a state other than New York, whose real names are presently unknown, and that have issued insurance policy or policies in favor of ST. CLAIR INC. AND/OR ST. CLAIR COLLECTION (CHINA), LLC; AND/OR PITTS ST CLAIR, LLC, and/or any other Defendant herein included, that cover all or part of the negligence, risks, damages, occurrences and/or events alleged in this Complaint. These companies are directly liable to Plaintiff for the damages claimed in this suit. The real name of these co-defendants is unknown at this time and will be substituted pursuant to the Federal Rules of Civil Procedures once the real names is made known to Plaintiff.

**ECF No. 1** at ¶ 6.

¶¶ 2-3. On January 8, 2021, plaintiff filed its response and requested leave to amend the complaint. **ECF No. 8**. The Court granted plaintiff's request, **ECF No. 9**, and plaintiff proceeded to file a first amended complaint including ESJ as a defendant on March 15, 2021. **ECF No. 10**.[2] After being served, ESJ answered the amended complaint on May 25, 2021. **ECF No. 13**. The parties then submitted an initial scheduling memorandum on July 19, 2021, where they certified having exchanged initial disclosures in accordance with Fed. R. Civ. P. 26. *See* **ECF No. 15** at 12.[3] This included ESJ's certification that it had produced the "Declaration Page of the Policy," in compliance with its obligation under Fed. R. Civ. P. 26(a)(1)(A)(iv) to allow for inspection or copying of any applicable insurance agreement. *Id.*

The parties presumably engaged in discovery as set out therein. However, ESJ filed for bankruptcy almost a year later on June 10, 2022, triggering the application of the automatic stay. *See* **ECF No. 16**; 11 U.S.C. § 362(a)(1). Notwithstanding, on July 26, 2022, plaintiff filed a motion for leave to amend the complaint again to substitute the unknown insurance companies for Liberty Mutual, stating that he learned of its identity "as discovery progressed." **ECF No. 17** at ¶¶ 2, 5. Plaintiff also affirmed that the automatic stay did not extend to ESJ's insurer and that

---

[2] Paragraph 7 of the first amended complaint mirrored paragraph 6 of the original complaint except that it now included "ESJ Towers, Inc." along with the St. Clair defendants as beneficiaries of the insurance policy or policies. **ECF No. 10** at ¶ 7.

[3] Plaintiff continued to include other named defendants, St. Clair, Inc., St. Clair Collection (China) LLC, and Pitts St. Clair, LLC, as parties throughout this case despite having listed ESJ as the only defendant in the Initial Scheduling Memorandum. **ECF No. 15** at 1. That is, until prompted by the Court to clarify the situation. *See* **ECF No. 30**.

the case could proceed solely as to Liberty Mutual. *Id.*, at ¶ 8. On August 24, 2022, the Court stayed the case but allowed plaintiff to file its amended complaint. **ECF Nos. 18, 19**.

On December 9, 2022, more than 100 days after obtaining leave, plaintiff filed a second amended complaint naming Liberty Mutual as a defendant. **ECF No. 22**. On January 18, 2023, plaintiff moved for entry of default. **ECF No. 24**. ESJ's counsel, acting on behalf of Liberty Mutual, filed an opposition on the very next day, stating that the motion for default was "the first notice that Liberty Mutual was served with summons" and that he would verify with Liberty Mutual "whether they had received notice from said agency." **ECF No. 25**.[4] He requested twenty days to file an answer or otherwise plead. *Id*. On February 2, 2023, Liberty Mutual filed a motion to dismiss, arguing that plaintiff had failed to toll the one-year statute of limitations period against it. **ECF No. 26**. Plaintiff did not file any opposition within the fourteen-day response period afforded by Local Civil Rule 7(b). On June 13, 2023, the Court held in abeyance the motion to dismiss due to the automatic stay and stated that it would afford plaintiff an opportunity to respond once the stay was lifted. **ECF No. 27**.

After three years had passed with no movement whatsoever from either side, the Court ordered the parties to inform of the status of ESJ's bankruptcy proceedings. **ECF No. 28**. The parties complied on September 19, 2025, and stated that the Bankruptcy Court had approved a reorganization plan for ESJ and insinuated that plaintiff's claim had been dismissed or

---

[4] Liberty Mutual was served via the Office of the Insurance Commissioner of Puerto Rico, presumably pursuant to P.R. Laws Ann. t. 26, § 327.

discharged. **ECF No. 29** at ¶¶ 2-4. The parties stated that "the only matter pending before this court would be its ruling regarding Liberty Mutual's motion to dismiss . . . ." *Id.*, at ¶ 4. Accordingly, the Court then issued an Order on September 22, 2025, where it stated that it construed the joint filing as a notice of voluntary dismissal of the claims against ESJ and ordering their dismissal. **ECF No. 30**. The Court, after reviewing the record, further remarked that the St. Clair defendants still appeared as named defendants in plaintiffs' first and second amended complaints, and ordered plaintiff to clarify whether it would also voluntarily dismiss his claims against these entities. *Id.* Plaintiff complied on October 3, 2025, confirming his intent to dismiss those claims, and the Court promptly ordered their dismissal. **ECF Nos. 31, 32**. Partial Judgment was entered on October 12, 2025. **ECF No. 33**. Plaintiff was further ordered to file his opposition to the motion to dismiss by no later than October 24, 2025. **ECF No. 32**. Plaintiff duly complied and filed his opposition to the motion on said date. **ECF No. 34**.

### III.    Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, the factual allegations in a complaint "must contain more than a rote recital of the elements of a cause of action . . . [and they] must contain sufficient factual matter to state a claim to relief that is plausible on its face." *Rodríguez-Reyes v. Molina-Rodríguez*, 711 F.3d 49, 53 (1st Cir. 2013) (citation modified). To perform this plausibility inquiry, the Court must "separate factual allegations from conclusory ones and then evaluate whether the factual allegations support a 'reasonable inference that the defendant is liable for

the misconduct alleged.'" *Conformis, Inc. v. Aetna, Inc.*, 58 F.4th 517, 528 (1st Cir. 2023) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addition to the well-pleaded allegations in a complaint, the Court may consider, without converting the motion into one for summary judgment, "documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." *Flores v. OneWest Bank, F.S.B.*, 886 F.3d 160, 167 (1st Cir. 2018) (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). "In short, an adequate complaint must provide fair notice to the defendants and state a facially plausible legal claim." *Ocasio-Hernández v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).

### IV.    Discussion

#### A.    The parties' positions.

Liberty Mutual urges the Court to apply Puerto Rico's one-year statute of limitations to the filing of the second amended complaint and deem it untimely. It argues that plaintiff had knowledge of Liberty Mutual's role as insurer to ESJ since July 15, 2021, when ESJ, as part of its initial disclosures, produced the "Declarations" page of its policy with Liberty Mutual identifying the latter as its insurance carrier. **ECF No. 26** at 2; *see also* **ECF No. 26-1**. Plaintiff did not move to amend the complaint until more than a year later, on July 26, 2022, **ECF No. 17**, and did not file his second amended complaint until December 9, 2022. **ECF No. 22**. According to Liberty Mutual, plaintiff's claims against it are time-barred as a result.

Plaintiff does not meaningfully dispute Liberty Mutual's timeline of events, but also does not concede the argument. He argues that ESJ's bankruptcy filing on June 10, 2022, tolled the statute of limitations against Liberty Mutual—but offers no support for this proposition. **ECF No. 34** at 6 ¶¶ 15-16. He further maintains (although with the barest of attempts at developing the argument) that the second amended complaint adding Liberty Mutual relates back to the filing of the original complaint under Fed. R. Civ. P. 15(c)(1)(C) because Liberty Mutual had constructive notice of his claim against ESJ and because they arise from the same accident, facts, and insured premises as his claims against ESJ. *Id.*, at 6-7 ¶¶ 17-20. Finally, plaintiff appeals to equity and equitable tolling to negate the application of the statute of limitations and lays the blame for any lack of diligence on "procedural circumstances outside of his control—specifically, ESJ's bankruptcy and Liberty [Mutual's] delayed identification." *Id.*, at 7 ¶¶ 20-23.

The Court will address each argument in turn.

**B.     Puerto Rico's statute of limitations, tolling thereof, and doctrine of solidary liability.**

Because this Court is "sitting in diversity[, it applies] state substantive law and federal procedural law." *Suero-Algarín v. CMT Hospital Hima San Pablo Caguas*, 957 F.3d 30, 39 (1st Cir. 2020) (citing *Gasperini v. Ctr. for Humanities, Inc.*, 518 U.S. 415 (1996); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 (1938)). In diversity cases, the Court ". . . look[s] to the pronouncements of a state's highest court in order to discern the contours of that state's law." *Hosp. San Antonio, Inc. v. Oquendo-Lorenzo*, 47 F.4th 1, 7 (1st Cir. 2022) (quoting *González Figueroa v. J.C. Penney Puerto*

*Rico, Inc.*, 568 F.3d 313, 318 (1st Cir. 2009)). Puerto Rico is treated as a state for diversity purposes. *Quality Cleaning Products R.C., Inc. v. SCA Tissue North America, LLC*, 794 F.3d 200, 204 (1st Cir. 2015). Thus, "Puerto Rico law supplies the substantive rules of decision." *Rodríguez v. Encompass Health Rehab. Hosp. of San Juan, Inc.*, 126 F.4th 773, 779 (1st Cir. 2025). If available, "an on-point decision of the Puerto Rico Supreme Court normally will control." *González Figueroa v. J.C. Penney Puerto Rico, Inc.*, 568 F.3d 313, 318 (1st Cir. 2009). If not, then the Court must ascertain what rule Puerto Rico courts would most likely apply. *See Blinzler v. Marriott Int'l, Inc.*, 81 F.3d 1148, 1151 (1st Cir. 1996); *Quality Cleaning Products R.C., Inc.*, 794 F.3d at 206.

For purposes of *Erie*, Puerto Rico's statute of limitations is considered substantive law. *Alejandro-Ortiz v. PREPA*, 756 F.3d 23, 27 (1st Cir. 2014). Accordingly, a one-year statute of limitations applies and runs from the date the injured party knows both that he or she has suffered harm and the identity of those responsible. *See Calderón-Amézquita v. Rivera-Cruz*, 158 F.4th 54 (1st Cir. 2025).[5] Further, "[w]hen the damage is caused by two or more persons, 'all joint tortfeasors are liable to the plaintiff for the damage sustained by the latter.'" *González Villegas v. Doctors' Ctr. Hosp.*, No. CV 21-1592 (GMM), 2025 WL 949471, at *7 (D.P.R. Mar. 28, 2025) (quoting *Szendry v. Hospicare, Inc.*, 158 P.R. Dec. 648, 654, P.R. Offic. Trans. (P.R. 2003)). However, when

---

[5] The current version of the Puerto Rico Civil Code, Act No. 55 of June 1, 2020, codified as 31 L.P.R.A. § 5311 *et seq.*, entered into force on November 28, 2020, repealing the previous 1930 Code. *See Rivera-Rosario v. LSREF2 Island Holdings, Ltd., Inc.*, 79 F.4th 1, 5 n. 1 (1st Cir. 2023). However, because the alleged tort occurred on August 28, 2019 (**ECF No. 22** at ¶ 11), the 1930 Code applies. *See* Article 1815, Puerto Rico Civil Code (2020), 31 L.P.R.A. § 11720 (providing that, in the context of tort claims, liability will be determined by the law in effect at the moment the act or omission that gives rise to said liability occurred).

two or more tortfeasors are jointly liable to the same claimant, the claimant must toll the statute of limitations against each tortfeasor individually. *See Tonge v. Doctor's Center Hospital*, 531 F. Supp. 3d 491, 510-12 (D.P.R. 2021) (citing *Fraguada Bonilla v. Hosp. Aux. Mutuo*, 186 P.R. Dec. 365 (P.R. 2012)). That is because the relationship between two joint tortfeasors is *in solidum* or, in other words, one of imperfect—not perfect—solidarity. *Fraguada Bonilla*, 186 P.R. Dec. at 378, 389.[6]

Despite the parties' almost exclusive focus on plaintiff's compliance or non-compliance with the statute of limitations and the date plaintiff discovered Liberty Mutual's name, they fail to acknowledge that Liberty Mutual is not a co-tortfeasor in this case. Its only liability for any damage plaintiff may have suffered stems from its agreement to insure ESJ, but it otherwise has no relationship to the plaintiff or to the alleged tort.[7] Plaintiff alleges that Liberty Mutual is "directly liable to Plaintiff for the damages claimed in this suit." **ECF No. 22** at ¶ 7. The only way that can be so, as per the factual allegations in the amended complaint, *see id.*, at ¶¶ 11-17, is through the Puerto Rico Insurance Code's direct-action statute, P.R. Laws Ann. t. 26 § 2003(1).[8]

---

[6] A certified English language translation of *Fraguada Bonilla* is available on file with the First Circuit librarian.

[7] This is a reasonable inference taken from plaintiff's allegation that Liberty Mutual "had issued the insurance policy or policies in favor of ESJ TOWERS, INC. . . . that cover all or part of the negligence, risks, damages, occurrences and /or events alleged in this Complaint." **ECF No. 7** at ¶ 7. What cannot be inferred from this allegation is an explicit agreement between ESJ and Liberty Mutual to be jointly and severally liable to plaintiff.

[8] The Court is aware that plaintiff claims in his complaint that "[p]ursuant to the laws of the Commonwealth of Puerto Rico, as joint tortfeasors, Defendants together with their insurance carriers must be held jointly and severally liable for all the damages alleged in this Complaint." **ECF No. 22** at ¶ 19. However, this is a legal conclusion that the Court need not credit at the motion to dismiss stage. *See Ocasio-Hernández*, 640 F.3d at 12. And, as discussed below, it is ostensibly incorrect.

That statute allows an aggrieved party to directly sue the tortfeasor, its insurer, or both. *Id.* It does not convert the insurer into a co-tortfeasor.

A recent Puerto Rico Supreme Court case strongly suggests that there is no joint and several liability relationship between a tortfeasor and its insurer, and that a plaintiff must also sue the insurer in order to toll the statute of limitations against it. In *Menéndez Lebrón v. Rodríguez Casiano*, 203 P.R. Dec. 885 (P.R. 2020), a total of five justices of the Puerto Rico Supreme Court, in two separate concurring opinions, recognized that there is no legal solidarity (i.e., joint and several liability) between a tortfeasor and its insurer.[9] Consequently, a person who sues only the tortfeasor does not toll the statute of limitations against the insurer for purposes of the direct-action statute. *See* 203 P.R. Dec. at 894-95 (Rodríguez-Rodríguez, J., concurring, and joined by three other justices), 921-22 (Estrella-Martínez, J., concurring in part, dissenting in part); *see also Tonge*, 531 F. Supp. 3d at 510-12 (explaining import of the *Menendez Lebrón* plurality).

The parties both rely on *Tokyo Marine & Fire Ins. Co. v. Pérez & Cia., De Puerto Rico, Inc.*, 142 F.3d 1 (1st Cir. 1998) in their arguments. There, the First Circuit held that "insured defendants and their insurance companies are solidarily liable for the acts of the insured." 142 F.3d at 7. However, in reaching that conclusion, the First Circuit relied principally on two cases: *Arroyo v. Hosp. La Concepción*, 130 P.R. Dec. 596 (P.R. 1992), a case that was explicitly overturned in 2012 by *Fraguada-Bonilla*, and *Barrientos v. Gobierno de la Capital*, 97 P.R. Dec. 552 (P.R. 1969), a

---

[9] A certified English language translation of *Menéndez Lebrón* is available on file with the First Circuit librarian.

case that the *Menéndez Lebrón* plurality considered overturned by later precedent. *See Menéndez Lebrón*, 203 P.R. Dec. at 900-07 (Rodríguez-Rodríguez, J., surveying interpretative case law on the Puerto Rico Insurance Code from 1946 to 2017 and concluding that *Barrientos* must be reconsidered), 920-22 (Estrella-Martínez, J., citing *Durán Cepeda v. Morales Lebrón*, 112 P.R. Dec. 623 (P.R. 1982) and *Gen. Accid. Ins. Co. P.R. v. Ramos*, 148 P.R. Dec. 523 (P.R. 1999) as overruling *Barrientos*). Nonetheless, courts in Puerto Rico and the First Circuit have continued to rely on *Tokyo Marine's* holding to classify the insured-insurer relationship as one of "perfect solidarity." *See Calderón-Amézquita*, 158 F.4th at 80 n. 21; *Hamdallah v. CPC Carolina, LLC*, 91 F.4t h 1, 26-27 (1st Cir. 2024); *Rivera-Carrasquillo v. Centro Ecuestre Madrigal, Inc.*, Civ. No. 12-1862 (JAF), 2016 WL 1642627, *6 (D.P.R. Apr. 25, 2016). Perfect solidarity between a tortfeasor and its insurer cannot be presumed and only exists if the insurance agreement establishes such relationship. *Menéndez-Lebrón*, 203 P.R. Dec. at 909 (Rodríguez-Rodríguez, J.), 918 (Estrella-Martínez, J.). The overturning of *Arroyo* and *Barrientos*, coupled with the plurality opinions in *Menéndez-Lebrón* and the cases cited therein, considerably weaken the First Circuit's *Erie* prediction (made almost 28 years ago) on what the Puerto Rico Supreme Court would say about the relationship between a tortfeasor and its insurer and the interruption of the statute of limitations.[10]

Applying the *Menéndez Lebrón* plurality's rationale here, the Court would hold that plaintiff failed to file his direct-action claim against Liberty Mutual within one year of knowing

---

[10] Justice Rodriguez-Rodriguez's opinion explicitly signaled out *Tokyo Marine* as one of the federal court decisions whose reliance on *Barrientos* it sought to clarify. *Menéndez Lebrón*, 203 P.R. Dec. at 906 n.6.

its identity. In his opposition, plaintiff makes oblique reference to "learning" of Liberty Mutual's role in "July 2021," referring not to the disclosure of the policy's declarations page on July 15 but to the submission of the joint initial scheduling memorandum on July 19. **ECF No. 34** at 5 ¶ 14. But even under that narrative, plaintiff's request to amend the complaint still came only on July 26, 2022, more than a year after the date in which he purportedly learned of Liberty Mutual's status as ESJ's insurance carrier. That is clearly beyond the statute of limitations.

> **C.     Whether plaintiff's amendment nonetheless relates back to the filing of the complaint.**

The only serious—albeit skeletal—argument in plaintiff's opposition is that Fed. R. Civ. P. 15(c)(1)(C) allows the amendment including Liberty Mutual to relate back to the filing of the original complaint. The Court will take and address the argument at face value.

Fed. R. Civ. P. 15(c) allows for the relations back of an amendment to the date of the filing of the original pleading if it meets one of three requirements:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

>   (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Here, taking plaintiff's barely developed argument at face value, the Court will apply the federal rule contained in Fed. R. Civ. P. 15(c)(1)(C) as proposed by plaintiff.

For an amendment to relate back under Fed. R. Civ. P. 15(c)(1)(C), it must first comply with subparagraph (B) of the Rule. Here, the amendment does not intend to bring a novel cause of action disconnected from the conduct or occurrence set out in the original complaint. Plaintiff seeks to hold Liberty Mutual liable for the damages ESJ caused him. As explained above, plaintiff's claim against Liberty Mutual is a direct action against both the tortfeasor and insured allowed by the Puerto Rico Insurance Code. There is no additional conduct, transaction or occurrence attempted to be set out. The amendment thus complies with the first requirement.

Second, the amendment must "change[] the party or the naming of the party against a claim is asserted . . . ." Fed. R. Civ. P. 15(c)(1)(C). Here, the amendment intends to change a defendant's initially unknown name. Liberty Mutual is substituted in for the party originally described as "Insurance Company A and Insurance Company B". **ECF No. 1** at ¶ 6; **ECF No. 10** at ¶ 7. Accordingly, the amendment complies with this requirement.

Third, the Court must examine whether, within ninety days of the filing of the original complaint (Fed. R. Civ. P. 4(m)), Liberty Mutual had "such notice of the action that it will not be prejudiced in defending on the merits" and "knew or should have known that the action would

have been brought against it, but for a mistake concerning the proper party's identity." Fed. R. Civ. P. 15(c)(1)(C)(i)-(ii).

To illustrate how to apply this two-pronged test, one need not go too far: Rule 15(c)(1)(C)(i)-(ii) seems to apply perfectly to the first amended complaint. As recounted above, plaintiff originally included the St. Clair defendants in the complaint, not ESJ. After plaintiff effectuated service on what it thought were the correct parties, ESJ voluntarily appeared and maintained that summons had been served on the incorrect party. **ECF No. 6**. Plaintiff admitted the mistake and sought leave to amend. **ECF No. 7** at ¶¶ 2-3. Thus, ESJ had, within the ninety-day period provided for by Fed. R. Civ. P. 4(m), both notice of the claim against it and knowledge that, but for the mistake, the action would have been brought against it, complying with Rule 15(c)(1)(C)(i)-(ii).[11]

As to Liberty Mutual and the second amended complaint, the facts are markedly different. The original complaint was filed on August 26, 2020. It is not evident anywhere on the record that Liberty Mutual received notice of this complaint before the ninety-day term elapsed on November 24, 2020.[12] Likewise, even considering March 15, 2021—the date of filing of the

---

[11] The Court is compelled to note that this is a generous reading of the record. Plaintiff continued to maintain the St. Clair defendants as parties to this litigation despite having learned of ESJ. *See* **ECF No. 30**. ESJ's inclusion could have very well been interpreted as an amendment to add an *additional* defendant rather than to substitute an incorrectly named one, conclusion which could have had repercussions on whether the first amended complaint related back to the filing of the original complaint. Because that issue was neither raised then nor briefed now, the Court only highlights it for purposes of completeness.

[12] Although plaintiff sent an extrajudicial claim letter (a tolling method accepted by Puerto Rico law) the day before filing his original complaint requesting insurance coverage information, **ECF No. 8-1**, the same was directed to the

first amended complaint—as an alternative starting point, the record is likewise barren. There is no indication that Liberty Mutual was on notice of the claim against it before the ninety-day period elapsed on June 14, 2021.

Plaintiff's only retort is to point to the fact that ESJ's lawyer is the same as Liberty Mutual's. That is far from persuasive support. While there is a scenario in which ESJ promptly notified Liberty Mutual of the claim against it either after being served with the original complaint or the first amended complaint, there is nothing in the record that supports this idea. It is as likely as not that counsel for Liberty Mutual was retained by it once it had notice of the filing of the second amended complaint.

Finally, the Court notes that the amendment to add Liberty Mutual came over a year after plaintiff knew of the existence of the insurance policy, after all the discovery and filing deadlines in the parties' initial scheduling memorandum had elapsed, and after ESJ, the sole tortfeasor, had filed for bankruptcy. At that point, it is not unreasonable to consider that including Liberty Mutual in the case would prejudice its ability to defend itself. Plaintiff offers no reason to conclude otherwise.

---

St. Clair defendants (later understood to be meant for ESJ), does not ask for the identity of the then-unknown insurer, and evinces no intent to toll the direct-action claim against it. There is no indication on record that this letter was ever notified to Liberty Mutual within ninety days of the filing of the original complaint.

Accordingly, the amendment does not relate back and the claim against Liberty Mutual is time-barred.[13]

### D. Plaintiff's bankruptcy and equity-based arguments.

Finally, plaintiff's contention that ESJ's bankruptcy filing tolled the statute of limitations stumbles right out of the gate. First, plaintiff was always of the opinion that the case could proceed against the insurer irrespective of the automatic stay. In its motion requesting leave to file the second amended complaint, plaintiff specifically argued that the automatic stay did not apply to Liberty Mutual. **ECF No. 17** at ¶¶ 8-9. Later, after filing the second amended complaint, plaintiff filed a motion for entry of default against Liberty Mutual, arguing that it had a duty to answer the complaint notwithstanding the automatic stay. **ECF No. 24**. At no point did plaintiff provide any legal authority to support its newfound position that ESJ's bankruptcy filing had any effect on its claim against Liberty Mutual. He does not do so now, either. Plaintiff only cites *Rivera-Gómez v. de Castro*, 843 F.2d 631 (1st Cir. 1988), but that case has no bearing on the effects of the automatic stay on the running of the statute of limitation against a tortfeasors' insurer.

---

[13] The Court's analysis is undertaken under Fed. R. Civ. P. 15(c)(1)(C) because that is the *only* authority cited by plaintiff in his opposition. *See* **ECF No. 34** at ¶¶ 20, 24(C). However, were the Court to apply the Puerto Rico relations back rule under Fed. R. Civ. P. 15(c)(1)(A), it would apply Rule 15.4 of the Puerto Rico Rules of Civil Procedure, P.R. Laws Ann. t. 32 App. V. This rule specifically allows for the inclusion in a complaint of defendants under fictitious names to toll the statute of limitations period as of the date of filing. P.R. R. Civ. P. 15.4, P.R. Laws Ann. t. 32 App. V R. 15.4; *see In re Aprobacion Rs. Proc. Civ.*, 176 D.P.R. 673, 76 P.R. Offic. Trans. 38 (Sept. 4, 2009) (containing English language translation of rule). Importantly, it applies only when the *name* of the defendant (not its existence) is unknown at the time of filing and allows a plaintiff to later amend the complaint "forthwith" (*con toda prontitud*) "upon discovery of the [defendant's] true name." *Id.* Under this standard, the Court would find that plaintiff did not act with the required diligence in moving to amend the complaint given his unjustified failure to take any action towards doing so for more than a year after learning that Liberty Mutual was the unknown insurance company—and only after ESJ filed for bankruptcy.

Rather, it deals with the equitable tolling of a civil rights claim due to a defendant's fraudulent concealment of pertinent information. *Id.*, at 634-635. Apart from an inapposite holding, however, the case does provide a useful observation, perfectly suitable here: "Judges are not expected to be mindreaders. Consequently, a litigant has an obligation 'to spell out its arguments squarely and distinctly,' or else forever hold its peace." *Id.*, at 635 (quoting *Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988)); *see also United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). The Court accordingly rejects plaintiff's undeveloped bankruptcy argument.

As to plaintiff's broader equitable tolling argument, which perfunctorily claims that Liberty Mutual's identification was "delayed," that too fails. There is no indication of any untoward act to conceal the identity of Liberty Mutual. ESJ produced the insurance policy's declarations page as part of its Rule 26 initial disclosures. Plaintiff apparently sat on this information for more than a year and failed to include Liberty Mutual in its complaint until after the year elapsed. The Court cannot see how this justifies equitable tolling of the statute of limitations.

## V. Conclusion

Plaintiff failed to diligently and properly assert its claims against Liberty Mutual despite having all the necessary elements to include it as a named defendant in the complaint. Plaintiff

waited until after ESJ's filing for bankruptcy to attempt to safeguard its ability to sue Liberty Mutual directly. Accordingly, because it did so past the statute of limitation, because tolling is inapplicable, and because the amendment does not relate back to the filing of either the original or first amended complaint, the Court **GRANTS** Liberty Mutual's motion to dismiss. **ECF No. 26**. The case is hereby **DISMISSED WITH PREJUDICE**.

The Clerk of Court shall enter Judgment accordingly.

**SO ORDERED**.

At San Juan, Puerto Rico, on this 30th day of January, 2026.

**S/AIDA M. DELGADO-COLÓN**
**United States District Judge**